1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6

JANET GASWINT,

7                                   Plaintiff,

8          v.

9  PRIMERICA LIFE INSURANCE
   COMPANY,

10                                  Defendants.

Case No. 2:22-cv-247-TLF

ORDER ON PLAINTIFF'S MOTION
TO COMPEL DISCOVERY

11

12          This matter comes before the Court on plaintiff's motion to compel discovery.

13  Dkt. 15. The parties have complied with the meet-and-confer requirement of Fed. R.

14  Civ. P. 37(a)(2)(B). The Court held oral argument on the instant motion on January 10,

15  2023. Dkt. 25. For the reasons set forth herein, plaintiff's motion to compel is granted.

16                                          DISCUSSION

17          Pursuant to Fed. R. Civ. P. 37 a party may move for an order compelling a party

18  to appropriately respond to discovery when a party fails to produce documents or permit

19  inspection as required by Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 34 allows a party

20  to serve on another party a request for production within the scope of Rule 26(b). Fed.

21  R. Civ. P. 34(a). Rule 26(b)(1) states:

22          Unless otherwise limited by court order, the scope of discovery is as
            follows: Parties may obtain discovery regarding any nonprivileged matter
23          that is relevant to any party's claim or defense and proportional to the
            needs of the case, considering the importance of the issues at stake in the
24          action, the amount in controversy, the parties' relative access to the

25

relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Under Fed. R. Civ. P. 33, the purpose of interrogatories is to "limit and clarify the issues for the parties in preparation for further trial proceedings." *Soria v. Oxnard Sch. Dist. Bd of Trs*., 488 F.2d 579, 587 (9th Cir. 1973). If the responding party objects, any objection must be plain and specific, to allow the court to understand the specific objectionable characteristic being asserted by the responding party. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

According to Fed. R. Civ. P. 34, requests for production, including requests for electronically stored information (ESI) and tangible things, must be responded to either by "stat[ing] that inspection and related activities will be permitted as requested or stat[ing] with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C). If the producing party objects to part of a request, the producing party is required to include in the objection, a statement that specifies which part is being objected to, "and permit inspection of the rest." *Id*.

A party is only required to produce documents and records within their "possession, custody or control." *United States v. International Union of Petroleum & Industrial Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing Fed. R. Civ. P. 34(a)). The party seeking production of the document bears the burden of proving that the opposing party has possession of the document or evidence requested. *Id*. Additionally, the moving party bears the burden of showing that the discovery responses were incomplete. *Daiflon, Inc. v. Allied Chemical Corp*., 534 F.2d 221, 227 (10th Cir. 1976).

1    A district court has broad discretion to grant or deny a motion to compel. *See*

2 *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Under Fed. R. Civ. P. 26(b)(2)(C),

3 the Court is required to limit the frequency or extent of discovery if the discovery

4 requested is "unreasonably cumulative or duplicative, or can be obtained from some

5 other source that is more convenient, less burdensome, or less expensive," or if the

6 requesting party "has had ample opportunity to obtain the information by discovery in

7 the action," or if the requesting party is seeking information that is outside of the scope

8 of discovery under Rule 26(b)(1).

9    I.   <u>Plaintiff's Motion to Compel</u>

10    Plaintiff filed the instant motion requesting the Court compel defendant to

11 produce the following:

12    1.   Interrogatory No. 6: Identify the person most knowledgeable at the present

13    time with respect to: (a) all measures undertaken by defendant to comply

14    with the USA Patriot Act with regard to communications with John

15    Gaswint; (b) defendant's policies and procedures between 1995 and 2020

16    with respect to all correspondence returned as undeliverable to defendant

17    by the U.S. Postal Service; and (c) all measures undertaken by defendant

18    to comply with RCW 48.18.289 in Washington state between 1995 and

19    2020.

20    2.   Requests for Production Nos. 1-3: Copies of the two underwriting files and

21    the one claims file involved in the lawsuit.

22

23

24

25

ORDER ON PLAINTIFF'S MOTION TO COMPEL
DISCOVERY - 3

3.  Request for Production No. 4: All documents which describe or explain defendant's policies and procedures regarding cancellation or nonrenewal of a life insurance policy in Washington State.

4.  Request for Production No. 5: All documents that describe, explain or prescribe defendant's policies and procedures regarding compliance with the USA Patriot Act.

5.  Request for Production No. 6: All documents that describe, explain or prescribe defendant's policies and procedures for the handling of undeliverable mail by the U.S. Postal Service.

6.  Request for Production No. 7: All documents that describe, explain or prescribe all measures undertaken by defendant to comply with RCW 48.18.289 in Washington State between 1995 and 2020.

7.  Request for Production No. 8: All documents or electronically stored information regarding defendant's customer service contacts or communications with John Gaswint, plaintiff, or four of defendant's employees/representatives.

In response to plaintiff's requests for supplemental responses to Requests for Production Nos. 4, 5, 6, and 7, the Court GRANTS plaintiff's motion. Defendant argues that the information plaintiff requests is irrelevant because it is "undisputed" that the Rider clearly dated the expiration date, i.e., the Rider was not non-renewed. Dkt. 18 at 5. However, plaintiff argues that there was in fact a nonrenewal by defendant in this case. Dkt. 15 at 6. *See also* Dkt. 1 (Plaintiff's Complaint) at ¶¶3.6, 4.1-4.2. Because there has not yet been a dispositive motion and the parties are at the discovery stage, it

1   is premature for the Court to exclude certain categories of evidence based on the

2   defendant's legal position, nor would the Court apply a particular interpretation of the

3   facts. Consequently, these requests ask for information that fits within the definition of

4   discoverable information under FRCP 26 (b)(2)(C), and therefore the Court grants

5   plaintiff's motion to compel Requests for Production Nos. 4, 5, 6, and 7.

6        Relatedly, for the same reasons, the Court grants plaintiff's motion to compel a

7   supplemental response to Interrogatory No. 6. Defendant is instructed to identify an

8   individual who is knowledgeable about the three topics identified in the interrogatory.

9        With respect to the 1995 to 2020 date range provided by plaintiff, the Court

10  instructs the parties to meet and confer about narrowing the range for Interrogatory No.

11  6 and Requests for Production Nos. 4, 5, 6, and 7. The earliest date in the range should

12  be no earlier than the date on which plaintiff moved from their Stanwood, Washington

13  home. And the latest date in the range would be the date on which defendant was

14  informed of the death of Mr. Gaswint, the individual whose life was insured. The parties

15  are instructed to meet and confer on confirming this refined date range.

16       Finally, the parties, during oral argument, confirmed that defendant provided

17  responses to Requests for Productions Nos. 1-3 and 8. Thus, plaintiff's motion to

18  compel on those requests is denied, as moot.

19                                    CONCLUSION

20       For the foregoing reasons, plaintiff's motion to compel (Dkt. 15) is granted in part.

21  The parties are instructed to meet and confer about a more limited date range for

22  Interrogatory No. 6 and Requests for Production Nos. 4, 5, 6, and 7. Further, as

23  instructed by the Court during oral argument, the parties should contact the Courtroom

24

25

1   Deputy no later than January 27, 2023 on two agreed-upon dates in April 2023 for

2   pretrial conferences.

3

4   Dated this 18th day of January, 2023.

5

6

7                                      Theresa L. Fricke

8                                      United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER ON PLAINTIFF'S MOTION TO COMPEL
DISCOVERY - 6